UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JONATHAN A. BLOOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v.  ) | Civil No. 5:16-cv-121 |
| ) | |
| ) | |
| SYLVIA M. BURWELL, ) | |
| Secretary of the U.S. Department ) | |
| of Health and Human Services, ) | |
| ) | |
| Defendant. ) | |

**<u>SECRETARY'S RESPONSE TO
PLAINTIFF'S POST-HEARING MEMORANDUM</u>**

Defendant Sylvia M. Burwell, Secretary of the United States Department of Health and Human Services ("the Secretary") files this response to Plaintiff's Post-Hearing Memorandum.

Plaintiff concedes that remand is the appropriate course of action and has prepared a proposed order, unseen by the Secretary until Plaintiff's post-hearing filing, for the Court's consideration.[1]  While the Secretary welcomes the Plaintiff's concession regarding the appropriateness of remand, she notes that the Plaintiff was previously unwilling to consent to

---

[1] Although Plaintiff makes passing reference to his reasons for opposing remand and his firm belief that remand is unnecessary, he sees the wisdom of being able to respond to the MAC's reference to the materials from Medtronic's website and to put into the record the evidence identified by counsel during the hearing held on September 29, 2016.  However, Plaintiff stops short of consenting to the Secretary's Motion for Remand and appears to consent only if the Court enters the Plaintiff's proposed order.  For the reasons stated in the Secretary's pleadings and during the hearing on the motion, the Secretary submits that remand is appropriate and should be ordered even without Plaintiff's consent or entry of Plaintiff's proposed order.

voluntary remand and to discuss the parameters of a proposed remand order when the Secretary requested Plaintiff's consent in early August. Plaintiff's post-hearing memorandum and change of position come as a complete surprise.[2] Neither local counsel nor national counsel made any effort to seek the Secretary's consent for entry of a remand order nor did they notify counsel for the Secretary that they intended to file a post-hearing memorandum. In this regard, Plaintiff's post-hearing memorandum is properly seen as a motion for entry of Plaintiff's proposed order for remand. Such a motion, sought without consulting opposing counsel and seeking agreement are contrary to the spirit and the letter of the local rules of this Court. *See* Vt. Local Rule 7(a)(7) ("***Attempt to Reach Agreement***. A party filing a non-dispositive motion must certify that the party has made a good faith attempt to obtain the opposing party's agreement to the requested relief."). For this reason, Plaintiff's request for entry of his proposed order should be denied.

It is presently unknown whether the Secretary can comply with any of the deadlines and procedures Plaintiff requests. Consequently, in the event that this Court takes Plaintiffs' filing

---

[2] A post-hearing memorandum was not solicited by the Court, the local rules make no provision for the filing of unsolicited post-hearing memoranda and the Plaintiff failed to notify or seek the Secretary's consent for filing his memorandum. It should also be noted that the Plaintiff takes this opportunity to mischaracterize the record, arguments of the Secretary during the hearing, and make unsupported assumptions about this case. For example, Plaintiff assumes that the second administrative record was not prepared because the Secretary fails to give Medicare beneficiary appeals "top priority" and, despite assurances, has no intention of doing so in this case." *See* Plaintiff's Post-Hearing Memorandum (Pl. PH Mem.), p. 1. This comment is untrue and unfair. As explained by the Secretary during the hearing, Plaintiff's highly unusual procedure of including in a single complaint a challenge to two separate MAC decisions on two separate administrative records, resulted in the second case being overlooked by the Secretary when preparing the administrative record of this case. As further stated during the hearing, the second record can be expeditiously prepared and both records submitted for the Court's consideration, if necessary for a decision on the Secretary's motion for remand. Furthermore, on remand to the Secretary, Plaintiff is entitled to receive a copy of the record, which the Secretary is obligated to provide. *See* 42 U.S.C. § 405.1042(b) and § 405.1118. An order from this Court, directing the Secretary to do so, is not necessary.

and proposed order into consideration, the Secretary requests an opportunity to consider the details of Plaintiff's proposed order, to consult with the agency and, with Plaintiff's input, attempt to craft a consensual Order remanding this case to the MAC with instructions to remand to the ALJ's for further hearings. If a consensual order for remand can be agreed to by the parties, the Secretary will file it by October 18, 2016.

However, notwithstanding Plaintiff's consent to remand, the conditions he imposes for his consent may be impossible for the Secretary to meet. Holding the Secretary to the rigid timeframes Plaintiff seeks, and imposing a procedure that appears unreasonable and seemingly contrary to particular regulations that the agency is bound to follow, would require the Secretary to oppose entry of the proposed order even though the Plaintiff otherwise consents to the remand.

It is also significant to note that much of the previous delay at the administrative level was due to Plaintiff's own scheduling conflicts and the Secretary should not be penalized in the future for any dilatory actions by Plaintiff on remand. Additionally, Plaintiff does not identify any reason why such strict deadlines are necessary in this case. He points to no hardship to him that results from any delay in determining Medicare coverage. While the Secretary will most assuredly work expeditiously and will report to the Court on its progress at regular intervals, the Plaintiff has provided no reason why the procedures and timeframes should be imposed.

To the extent that Plaintiff's consent to remand is conditioned on the Court's entry of his proposed order, the Secretary opposes entry of the proposed order and requests the Court to rule on the Secretary's Motion for Remand. As an alternative to Plaintiff's proposed order, filed

herewith for the Court's consideration is the Secretary's proposed Order for Remand.[3]

Dated at Burlington, in the District of Vermont this 6th day of October, 2016.

                                              Respectfully submitted,

                                              ERIC S. MILLER
                                              United States Attorney
                                              Attorney for Defendant Sylvia M. Burwell

By:   /s/ *Melissa A. D. Ranaldo*
                                              MELISSA A.D. RANALDO
                                              Assistant United States Attorney
                                              P.O. Box 570
                                              Burlington, VT 05401
                                              Tel.: (802) 951-6725
                                              Fax: (802) 951-6540
                                              Melissa.Ranaldo@usdoj.gov

Of Counsel:

MARGARET M. DOTZEL
Acting General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JILL STEINBERG
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA 02203
617-565-2391
Jill.Steinberg@hhs.gov

---

[3] The Secretary made a good faith effort to obtain Plaintiff's consent to this order on August 4, 2016. This order, along with an unopposed motion for remand, was submitted to Plaintiff for his approval on that date. Plaintiff rejected this order, as well as the proposed motion for remand.