UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

| | | |
|---|---|---|
| JONATHAN A. BLOOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 5:16-cv-121 |
| | ) | |
| ERIC D. HARGAN[1] | ) | |
| Acting Secretary, U.S. Department | ) | |
| of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUR-REPLY**

Defendant Eric D. Hargan, Acting Secretary of the United States Department of Health and Human Services ("the Secretary"), by his attorney, Eugenia A.P. Cowles**,** Acting United States Attorney for the District of Vermont, respectfully submits the following Sur-Reply in further support of the Secretary's motion for an Order affirming the Secretary's decisions, and in further opposition to Plaintiff's motion to reverse.

**I.     INTRODUCTION**

The Reply filed by Plaintiff largely, if not entirely, mischaracterizes the statements made by the Secretary throughout the course of this litigation.  In addition, Plaintiff's Reply relies on misleading, semantic arguments that do not have bearing on the ultimate issue of whether Plaintiff's requested item satisfies the regulatory requirements for durable medical equipment ("DME").  While the Secretary will reserve these and other substantive and procedural

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Eric D. Hargan should be substituted for Thomas E. Price, M.D., in his official capacity as the Acting Secretary of the U.S. Department of Health and Human Services.

arguments for the hearing on this matter, the Secretary does take this opportunity to address the Plaintiff's new and misdirected attempt to apply 28 U.S.C. § 1367 to an action arising under 42 U.S.C. § 405(g) and the Medicare Act.

## II.  ARGUMENT

**Jurisdiction under 28 U.S.C. § 1367(a) is unavailable in the present action and Plaintiff cannot use supplemental jurisdiction to belatedly aggregate his claims for Medicare coverage**.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g), which is incorporated into the Medicare Act by 42 U.S.C. § 1395ff(b)(1)(A).  The grant of jurisdiction provided by 42 U.S.C. § 405(g) is "the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (quoting *Weinberger v. Salfi*, 422 U.S. 749 (1975)).  The request for Medicare coverage is a claim that "arises under"[2] the Medicare Act. *Id.* at 616.  As the Supreme Court also explained in *Heckler*, other provisions of 42 U.S.C. § 405 are applicable to "claims arising under" the Medicare Act. *Id.* at 615.  In particular, "The third sentence of 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Id.* (citations omitted). *See* 42 U.S.C. § 405(h) (stating that "[n]o action . . . shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter");[3] s*ee also Abbey v. Sullivan*, 978 F.2d 37, 41 (2d Cir. 1992) (explaining that "the Social Security Act—to the exclusion of

---

[2] The Supreme Court has "construed the 'claim arising under' language . . . to include any claims in which 'both the standing and the substantive basis for the presentation' of the claims is in the Social Security Act." *Heckler*, 466 U.S. at 615 (citing *Weinberger*, 422 U.S. at 760-61).
[3] The *Heckler* Court also addressed and rejected the contention that the claimant's challenge "arose under" the Administrative Procedure Act, such that jurisdiction pursuant to § 1331 might be permissible. *Id.* at 622.

federal question jurisdiction under 28 U.S.C. § 1331—provides the sole authority for exercising federal jurisdiction over Medicare Part B disputes").

As discussed in Plaintiff's Reply, "supplemental jurisdiction" is available through use of 28 U.S.C. § 1367, and permits the district court to hear "all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).  Plaintiff attempts to use this mechanism to convince the Court that it has jurisdiction over the requests for Medicare coverage at issue in M-15-1505 and M-16-10554, which, as Defendant has previously argued, do not meet the amount in controversy necessary for judicial review of Medicare claims and cannot be aggregated at this stage.[4]  However, Plaintiff's argument ignores an important prerequisite for supplemental jurisdiction—namely, that supplemental jurisdiction is available *only* "in any civil action of which the district courts have *original jurisdiction* . . . ." *Id.* (emphasis added).  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.").  Original jurisdiction is granted by the federal question statute, 28 U.S.C. § 1331, which states that "[t]he district courts shall have *original jurisdiction* of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331 (emphasis added).

As described above, Congress has specifically legislated against the applicability of 28 U.S.C. § 1331 in Medicare cases such as this.  *See* 42 U.S.C. §§ 405(h) and 1395ii; *Heckler*, 466 U.S. at 615.  Consequently, the Court does not (and cannot) have original jurisdiction in this case.  It follows, then, that supplemental jurisdiction is also unavailable in this matter, as such

---

[4] Defendant does not argue (and has not argued) that the Court lacks jurisdiction over the final decision in M-15-4332.

jurisdiction is predicated on the existence of original jurisdiction under 28 U.S.C. § 1331.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. at 558.

## III.    CONCLUSION

For the additional reasons stated herein, the Secretary respectfully requests the Court to deny Plaintiff's motion to reverse, affirm the decisions of the MAC and grant judgment in the Secretary's favor.

Dated at Burlington, in the District of Vermont, this 13th day of October, 2017.

                                            Respectfully Submitted,

                                            EUGENIA A.P. COWLES
                                            Acting United States Attorney

By:    /s/ *Melissa A. D. Ranaldo*
             MELISSA A.D. RANALDO
             Assistant United States Attorney
             P.O. Box 570
             Burlington, VT  05402-0570
             802-951-6725
             melissa.ranaldo@usdoj.gov

Of Counsel:

HEATHER FLICK
Acting General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JILL L. STEINBERG
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA  02203
(617) 565-2381