**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| JONATHAN A. BLOOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:16-cv-121 |
| | ) | |
| ERIC D. HARGAN, | ) | |
| Acting Secretary of the U.S. Department of Health | ) | |
| and Social Services, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED MOTION FOR LEAVE TO SUBMIT**
**NOTICE OF SUBSEQUENT AUTHORITY**

Plaintiff Jonathan Bloom, by and through counsel, respectfully files this Stipulated Motion

for Leave to Submit Notice of Subsequent Authority.  Counsel for Mr. Bloom has conferred with

defendant's counsel and is authorized to indicate that defendant stipulates to the request to submit

subsequent authority and anticipates making a supplemental filing regarding the authority.

On October 26, 2017, the United States District Court of the Eastern District of Wisconsin

issued a decision in *Whitcomb v. Hargan*, Case No. 17-CV-14 (E.D. Wisc.) (Jones, J.).  For the

convenience of the Court, a copy is attached hereto as Exhibit A.  There, the Court held that a

Medtronic MiniMed Continuous Glucose Monitor ("CGM") is primarily and customarily used to

serve a medical purpose.  Decision at 3, 10.  The Court further held that HHS' interpretation of the

durable medical equipment ("DME") provisions of 42 C.F.R. § 414.202 as requiring DME to serve

a "primary medical purpose" was unreasonable.  Decision at 12.  The Court further held that HHS'

claims regarding CGMs were arbitrary and capricious in that they conflict with National Coverage

Determination ("NCD") 280.1.  Decision at 14.  The Court further held that HHS' denial of CGM

coverage was arbitrary and capricious in light of more than 40 final ALJ determinations that a CGM

is DME and qualifies for coverage, and Medicare's coverage of other DME used adjunctively. Decision at 14-15.

These holdings are relevant to at least Doc. Nos. 34 (Plaintiff's Motion for Order Reversing Secretary's Decisions and Memorandum of Law); 35 (Defendant's Motion for Order Affirming Secretary's Decisions and Opposition to Plaintiff's Motion to Reverse and Memorandum of Law); 38 (Dr. Bloom's Reply in Support of Plaintiff's Motion to Reverse/Opposition to Defendant's Motion to Affirm); and 40 (Defendant's Sur-Reply).

For the foregoing reasons, Jonathan A. Bloom respectfully requests that the Court grant this Motion.

Dated at Burlington, Vermont this 1st day of November, 2017.

**JONATHAN A. BLOOM**

By:    */s/ Debra M. Parrish*
Debra M. Parrish, Esq. (*pro hac vice*)
Bridget M. Noonan, Esq. (*pro hac vice*)
PARRISH LAW OFFICES
788 Washington Road
Pittsburgh, PA  15228
debbie@dparrishlaw.com
bridget@dparrishlaw.com

By:    */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## CERTIFICATE OF SERVICE

      I, Craig S. Nolan, counsel for Jonathan A. Bloom, do hereby certify that on November 1,

2017, I electronically filed with the Clerk of Court the following document:

**STIPULATED MOTION FOR LEAVE TO SUBMIT**
**NOTICE OF SUBSEQUENT AUTHORITY**

using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice

of Electronic Filing (NEF) to the following NEF parties:

> Melissa A.D. Ronaldo, Esq.
> Assistant United States Attorney
> P.O. Box 570
> Burlington, VT 05401
> (802) 951-6725
> Melissa.Ronaldo@usdoj.gov

      Dated at Burlington, Vermont this 1st day of November, 2017.

> By:    */s/ Craig S. Nolan*
>         Craig S. Nolan, Esq.
>         SHEEHEY FURLONG & BEHM P.C.
>         30 Main Street, 6th Floor
>         P.O. Box 66
>         Burlington, VT  05402-0066
>         (802) 864-9891
>         cnolan@sheeheyvt.com