UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JONATHAN A. BLOOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 5:16-cv-121 |
| ) | |
| ERIC D. HARGAN,[1] ) | |
| Acting Secretary of the U.S. Department of Health ) | |
| and Social Services, ) | |
| ) | |
| Defendant. ) | |

**REPLY REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY**

Dr. Bloom, by and through counsel, briefly replies to the Secretary's Response to Plaintiff's Notice of Supplemental Authority. Respectfully, Dr. Bloom did not understand that a notice of supplemental authority would be the trigger for the Secretary to engage in additional briefing on the pending motions. Dr. Bloom disagrees with the Secretary's most recent claim that a continuous glucose monitor ("CGM") is not "primarily and customarily used for a medical purpose." There is no evidence in the Record that a CGM serves any other use, and the only evidence in the Record is that a CGM is primarily and customarily used for the medical purpose of monitoring glucose levels to control diabetes. If the Court desires additional briefing on this issue, Dr. Bloom is ready to provide it.

The Secretary used the Notice of Supplemental Authority as an opportunity to make the new claim that, even if a CGM is determined to be durable medical equipment, this case *must* be remanded for the Secretary to determine whether a CGM is "reasonable and medically

---

[1] Pursuant to FED.R.CIV.P. 25(d), Mr. Hargan, acting in his official capacity, has been substituted as the named defendant.

necessary" for Dr. Bloom or whether coverage will be denied on that ground, specifically with respect to M-15-4332.  That is incorrect.  As alluded to by the Secretary, a favorable "reasonable and medically necessary" determination was made by ALJ Engelman in M-15-1505 and that decision was not disturbed by the Medicare Appeals Council.  So, there would be no basis for remanding that matter.  Further, assuming that ALJ Engelman's "reasonable and medically necessary" determination in M-15-1505 is not reversed, then principles of collateral estoppel would bar the Secretary from relitigating that issue in M-15-4332 and M-16-10554.  *See Astoria Federal Savings & Loan Assoc. v. Solomino*, 501 U.S. 104, 108 (1991) ("[Issue preclusion] holds true when a court has resolved an issue, and should do so equally when the issue has been decided by an administrative agency, be it state or federal, which acts in a judicial capacity" (internal citation omitted).

In any event, whether a CGM is "reasonable and medically necessary" for Dr. Bloom was placed at issue by the Amended Complaint in this case (Doc. No. 21 at ¶¶ 115, 116, 119, 124, 125, 131, 136), was disputed in the Answer (Doc. No. 26), and forms part of the causes of action seeking coverage (Counts I-IV) and the Requested Relief (*see, e.g.,* ¶ 3 "reasonable and medically necessary").  Moreover, the Record is replete with the relevant evidence (*e.g.,* testimony from doctors, Dr. Bloom himself, and other ALJ determinations) some of which was referred to in this Court's prior decision rejecting the Secretary's request for remand.  *See* Doc. No. 20 at 2-3.  Accordingly, the time for disputing whether a CGM is "reasonable and medically necessary" for Dr. Bloom is this litigation, and the Secretary's request for remand to serially litigate every potential basis for denial should be rejected.

Dated at Burlington, Vermont this 17th day of November, 2017.

**JONATHAN A. BLOOM**

By:   */s/ Debra M. Parrish*
Debra M. Parrish, Esq. (*pro hac vice*)
Bridget M. Noonan, Esq. (*pro hac vice*)
PARRISH LAW OFFICES
788 Washington Road
Pittsburgh, PA  15228
debbie@dparrishlaw.com
bridget@dparrishlaw.com

By:   */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## CERTIFICATE OF SERVICE

I, Craig S. Nolan, counsel for Jonathan A. Bloom, do hereby certify that on November 17, 2017, I electronically filed with the Clerk of Court the following document:

## REPLY REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY

using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

> Melissa A.D. Ronaldo, Esq.
> Assistant United States Attorney
> P.O. Box 570
> Burlington, VT 05401
> (802) 951-6725
> Melissa.Ronaldo@usdoj.gov

Dated at Burlington, Vermont this 17th day of November, 2017.

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

4