UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JONATHAN A. BLOOM, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 5:16-cv-121 |
| | ) | |
| ALEX M. AZAR, II, | ) | |
| Secretary, U.S. Department | ) | |
| of Health and Human Services, | ) | |
|    Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Defendant Alex M. Azar, II, Secretary of the United States Department of Health and Human Services ("the Secretary") submits the following opposition to Plaintiff's Motion to Alter or Amend Judgment. For the reasons discussed below, Plaintiff fails to demonstrate the existence of any "clear error of law" or "manifest injustice" that should affect the judgment entered on January 30, 2018. *Mufano v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

### ARGUMENT

**Plaintiff Fails To Establish That Dismissal Of His Claims For Lack Of Subject Matter Jurisdiction Was Clear Error Or Poses Manifest Injustice.**

Plaintiff challenges the Court's finding that 28 U.S.C. § 1367 does not grant jurisdiction over the requests for Medicare coverage at issue in M-15-1505 and M-16-10554. As the Secretary argued and the Court agreed, the claims at issue in these cases do not meet the amount in controversy necessary for judicial review of Medicare claims and cannot be aggregated at the judicial review stage. Plaintiff's arguments as to why he may aggregate Medicare claims for the

first time at the judicial review stage are without merit, and fail to show that the Court's determination on this issue is a clear error of law or poses manifest injustice.

Plaintiff's argument that 28 U.S.C. § 1367 may be used in this case belatedly to aggregate these claims for Medicare coverage is mistaken.  As explained in the Secretary's sur-reply, it is well-established that "§ 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (citations omitted).  More specifically, "[t]he third sentence of 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, ***is the sole avenue for judicial review*** for all 'claim[s] arising under' the Medicare Act." *Id.* (emphasis added).  Consequently, the use of supplemental jurisdiction in this case is precluded by the plain language of 28 U.S.C. § 1367, which states that such jurisdiction is available "[e]xcept as . . . expressly provided otherwise by Federal statute." 28 U.S.C. § 1367(a).  *Accord ABC Home Health Servs., Inc. v. Aetna Life Ins. Co.*, 878 F. Supp. 1574, 1580 (S.D. Ga. 1995) ("The Court is unaware of any instance in which supplemental jurisdiction has been used to support a jurisdictionally inadequate federal claim.  Furthermore, the plain language of § 1367(a) prevents the application of supplemental jurisdiction in this case.  That section provides that a district court will have supplemental jurisdiction over all related claims 'expressly provided otherwise by Federal statute.'  Here, Congress has 'expressly provided otherwise by Federal statute [42 U.S.C. § 405(g)].'" (internal citations omitted)).  In short, because "the Social Security Act . . . provides the sole authority for exercising federal jurisdiction over Medicare Part B disputes," Plaintiff may not invoke supplemental jurisdiction under 28 U.S.C. § 1367.  *Abbey v. Sullivan*, 978 F.2d 37, 41 (2d Cir. 1992).

Plaintiff's reliance on *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005), is misplaced.  That case does not present "exactly the situation present here," as Plaintiff

suggests.  Plaintiff's Motion to Alter or Amend ("Pl.'s Mot.") at 1.  The *Allapattah* case did not involve a dispute under federal law, but rather, involved state law claims by nationwide Exxon dealers related to fuel pricing.  Thus, the amount in controversy requirement at issue was derived not from the Social Security Act, but from the diversity jurisdiction statute, 28 U.S.C. § 1332(a).  *See* ECF Doc. No. 50 Decision at 12-13 (further discussing the difference between the amount in controversy requirements and why Plaintiff's reliance on diversity jurisdiction cases is erroneous).  Although the Supreme Court ruled that for purposes of the Exxon plaintiffs' class action, only one named plaintiff needed to meet the amount in controversy for application of supplemental jurisdiction under 28 U.S.C. § 1367, the same proposition would not be applicable here because 42 U.S.C. § 405(g) is the exclusive avenue for judicial review and precludes the use of Section 1367.  *See Heckler v. Ringer*, 466 U.S. at 614-15; *ABC Home Health Servs., Inc. v. Aetna Life Ins. Co.*, 878 F. Supp. at 1580.  As noted above, 28 U.S.C. § 1367 is inapplicable where federal statute "expressly provide[s] otherwise."  28 U.S.C. § 1367(a).[1]

Additionally, Plaintiff's reliance on a provision of the publically-available *Medicare Managed Care Manual*, CMS Pub. 100-16, to support his case for belated aggregation is flawed.  As explained in the introductory provisions of this manual, the guidance it provides relates to Part C of Medicare, known as the Medicare Advantage (previously, Medicare+Choice) program.  CMS Pub. 100-16, Chapter ("Ch.") 1, https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Internet-Only-Manuals-IOMs-Items/CMS019326.html, at 2.  The manual does not provide guidance for claims like those at issue in this appeal, which arise under Medicare Part B.

Through the Medicare Advantage ("MA") program, CMS contracts with public or private

---

[1] Moreover, the regulations applicable to Medicare Part A and B claims appeals expressly dictate that "multiple appellants" may aggregate claims involving common issues of law and fact during the administrative review level. 42 C.F.R. § 405.1006(e).

organizations to offer a variety of health plan options for beneficiaries.  *Id.*  To receive reimbursement from the federal government, these plans are required to provide basic benefits— meaning the benefits offered by original Medicare (Medicare Parts A and B).  42 U.S.C. § 1395w-22(a)(1); 42 C.F.R. § 422.100(c)(1).  With respect to basic benefits, MA organizations are required to comply with national coverage determinations, general coverage guidelines included in the Medicare manuals and instructions, and written coverage decisions of local carriers and contractors with jurisdiction for claims in the geographic area in which services are covered under the MA plan.  42 C.F.R. § 422.101(b).  However, many organizations choose to offer supplemental benefits beyond what is offered by original Medicare.  42 U.S.C. § 1395w-22(a)(3); 42 C.F.R. § 422.100(c)(2); 42 C.F.R. § 422.102.

While similarities may exist, the MA program is different from original Medicare— which is the program at issue in this appeal.  Accordingly, the Secretary has developed specific regulations for the MA program, which are located at 42 C.F.R. Part 422.  Given that this appeal involves claims arising under Medicare Part B, Plaintiff's reliance on a manual provision applicable to the MA program is inappropriate.  As discussed at length in the Secretary's motion, *the regulations applicable to Plaintiff's claims* direct that aggregation cannot occur at the judicial review stage.  *See Epstein v. Burwell*, No. CV-13-8728, 2014 WL 12591476, at *5 (C.D. Cal. Aug. 5, 2014) (involving a claim under Medicare Part D, but discussing the aggregation rules contained at 42 C.F.R. § 405.1006).[2]  Therefore, Plaintiff's attempt to circumvent the requirements for aggregation through use of an inapplicable manual provision does not provide any basis for demonstrating the existence of a clear error of law.  Furthermore, Plaintiff has not

---

[2] Unlike the regulations applicable to claims appealed under original Medicare (42 C.F.R. § 405.1006(d)) and Medicare Part D (42 C.F.R. § 423.1970(c)), the MA regulations do not provide a distinct provision for the aggregation of claims, at the ALJ level or otherwise, which may explain the existence of the manual provision cited by Plaintiff.

4

adequately demonstrated why he did not raise this argument sooner, except for faulting the Secretary for not bringing the provision to the Court's attention.  Pl.'s Mot. at 10.  However, given that this manual provision is inapplicable to the current case, there is no reason why the Secretary would have cited it during the proceedings.

## CONCLUSION

For the reasons stated herein, the Court should deny Plaintiff's motion to alter or amend the judgment in this case.

Dated at Burlington, in the District of Vermont, this 7th day of March, 2018.

          Respectfully Submitted,

          CHRISTINA E. NOLAN
          United States Attorney

By:  /s/ *Melissa A. D. Ranaldo*
       MELISSA A.D. RANALDO
       Assistant United States Attorney
       P.O. Box 570
       Burlington, VT  05402-0570
       802-951-6725
       melissa.ranaldo@usdoj.gov

Of Counsel:

ROBERT P. CHARROW
General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JILL L. STEINBERG
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA  02203
(617) 565-2381