UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JONATHAN A. BLOOM,

                Plaintiff,

v.                                                                                             Civil Case No. 5:16-cv-121

ALEX AZAR,
Secretary of the U.S. Department of Health
and Social Services,

                Defendant.

## **REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT**

**I.   Supplemental Jurisdiction**

Respectfully, it is very difficult to follow the Secretary's arguments regarding supplemental jurisdiction. As described by the Supreme Court, the Supplemental Jurisdiction statute (28 U.S.C. § 1367) is a "broad grant of supplemental jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558 (2005). Nevertheless, at base, the Secretary appears to argue that the Supplemental Jurisdiction statute contains a number of narrowing provisions that simply are not there.

First, the Supplemental Jurisdiction statute contains no "this only applies to cases under §§ 1331 or 1332" provision. The Supplemental Jurisdiction statute is a statute of general application and applies to all bases of federal jurisdiction (i.e., "original jurisdiction"). To illustrate this, Dr. Bloom cited cases such as *Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157 (E.D. N.Y. 2016); *Schoenmann Produce Co. v. Burlington Northern & Santa Fe Railway Co.*, 420 F.Supp.2d 757, 764 (S.D. Tex. 2006); and *Dress Barn, Inc. v. LTA Group, Inc.*, 822

F.Supp. 88, 90 (D. Conn. 1993). In each of those cases, "original jurisdiction" was founded on something other than §§ 1331 or 1332.

Second, the Supplemental Jurisdiction statute contains no "except in Medicare cases" provision. While the Secretary continues to cite to a statement from *Heckler v. Ringer*, 466 U.S. 602 (1984), that case was decided *in 1984* while the Supplemental Jurisdiction statute was enacted *in 1990*.[1] Thus, the Supreme Court's statements in *Heckler* were superseded by a later issued statute. Indeed, in *Exxon*, the Supreme Court explicitly stated that the effect of the Supplemental Jurisdiction statute was to "overrule" prior Supreme Court decisions in this area (particularly *Finley*, *Clark*, and *Zhan*). Id. at 558 ("… overturned the result in *Finley* …"), 566 ("… overruled *Clark* and *Zahn* …").[2]

Third, the Supplemental Jurisdiction statute contains no "but amount in controversy requirements still apply to supplemental claims" provision. In *Exxon*, the plaintiff's claims against some parties met the amount-in-controversy requirement, while the plaintiff's claims against other parties did not. The Supreme Court held that the Supplemental Jurisdiction statute gave the court jurisdiction to hear the claims that were less than the amount in controversy requirement. *See Exxon*, 545 U.S. at 559-60. In the words of the Supreme Court: "[I]t is clear beyond peradventure that § 1367(a) provides supplemental jurisdiction over federal-question cases where some, but not all, of the federal-law claims involve a sufficient amount in controversy." *Id.* at 562. When the Supreme Court makes explicit statements like that and a district court rules otherwise, respectfully, that constitutes "clear error/manifest error."

---

[1] That case concerned whether "original jurisdiction" in Medicare cases could be founded on 28 U.S.C. § 1331 (as opposed to § 405(g)). The Supreme Court held that it could not be. However, the Supreme Court did not address whether "pendant claim" jurisdiction could be applied if original jurisdiction was already present. "Pendant claim" jurisdiction is now one species of "supplemental jurisdiction."

[2] The Secretary also cites *Abbey v. Sullivan*, 978 F.2d 37 (2nd Cir. 1992) for the same proposition. *Abbey* relies on *Heckler*, does not discuss or cite supplemental jurisdiction, and was decided prior to *Exxon*. Thus, *Abbey* adds nothing to the analysis.

The Supplemental Jurisdiction statute begins: "Except as … expressly provided otherwise by Federal statute …"  Relying on this, the Secretary argues that § 405(g) expressly precludes the application of the Supplemental Jurisdiction statute.  Opp. at 3.  However, the Secretary never cites to any provision of § 405(g) that allegedly does so and none is apparent.  To the extent that the Secretary argues that the sheer existence of an amount in controversy requirement "expressly" precludes the application of the Supplemental Jurisdiction statute, that is contradicted by *Exxon* and a host of other cases.  Supplemental jurisdiction exists as an issue because at least one claim in a case has a jurisdictional defect (typically, failure to meet the amount in controversy).  Addressing that is the very purpose of the statute.

The Secretary's effort to rely on *ABC Home Health Services, Inc. v. Aetna Life Ins. Co.*, 878 F.Supp. 1574 (S.D. Ga. 1995) is misplaced.  The Secretary cites that court's statement: "The Court is unaware of any instance in which supplemental jurisdiction has been used to support a jurisdictionally inadequate federal claim." *Id*. at 1580.  Clearly, that court was unaware of decisions like *Dress Barn* (cited above) which was decided two years earlier.  Although wrong even when stated, the view that supplemental jurisdiction could not be used to support a jurisdictionally inadequate federal claim (where the court had original jurisdiction over another claim) was expressly contradicted by the Supreme Court's decision in *Exxon* in 2005 as quoted above.

Although not clear from the Secretary's quotes, what was at issue in *ABC* was whether supplemental jurisdiction could be used to add claims that had not exhausted their administrative remedies.  Section 405(g) specifically limits judicial review "after any final decision by the Secretary."  As noted above, the Supplemental Jurisdiction statute begins: "Except as … expressly provided otherwise by Federal statute …"  In light of that clause and § 405(g)'s

express requirement of finality, the court held that the supplemental jurisdiction could not be used to avoid the requirement to exhaust administrative remedies. Dr. Bloom does not dispute that. *ABC* says nothing about the use of supplemental jurisdiction when the court has original jurisdiction over at least one claim and another claim has no other jurisdictional defect than to not meet an amount in controversy requirement. *Exxon* addressed that.

Cases with a narrow view of § 1367, that were decided before *Exxon*, are not consistent with the "broad grant of jurisdiction" identified by the Supreme Court. Respectfully, it would not be a good use of judicial resources to force an appellate court to reiterate what the Supreme Court said in *Exxon* about the scope of § 1367.

## II.     Medicare Managed Care Manual

In his papers, Dr. Bloom showed that the Secretary's own manuals contemplate "combination" of claims in front of district courts *after* the Medicare Administrative Contractor ("MAC") has ruled, to meet the amount-in-controversy requirement. Mot. at 7-8. This is directly contrary to the Secretary's arguments before this Court and the manual was not brought to the Court's attention by the Secretary.

In opposition, the Secretary contends that the manual includes regulations for Managed Care Plans (Part C) not Original Medicare (Part B). Opp. at 4. That point is not disputed - indeed, Dr. Bloom pointed that out in his own papers. Mot. at 7, n. 4. Nevertheless, Federal court jurisdiction for both parts is founded on the same statute (42 U.S.C. § 405(g)) and the Secretary does not contend otherwise.

The same statute cannot have a different meaning depending on whether it is an appeal of a Managed Care case or an Original Medicare case. Thus, there are only two possibilities: 1) the statute should be read in the way Dr. Bloom (and the Supreme Court, etc.) does, and the manual

has meaning; or 2) the manual provisions are non-sensical and superfluous.  The Secretary does not allege that the manual is superfluous.  Thus, Dr. Bloom's reading should be adopted.

Moreover, because the manual assumes that claims can be "combined" to meet the amount-in-controversy *after* the MAC has ruled, this is an admission by a party opponent.  Further, because these views were expressed before this litigation began, they are more credible than the Secretary's litigation influenced positions.[3]

## CONCLUSION

Respectfully, this Court's decision that it lacks jurisdiction to consider M-15-1505 and M-16-10554 represents clear/manifest legal error and it would be a waste of judicial resources to force an appellate court to consider this issue.  Pursuant to FED.R.CIV.P. 52(b) and 59(a)/(e), Dr. Bloom respectfully asks the Court to alter/amend the judgment accordingly.

---

[3] The record in this case also belies the Secretary's claim that "aggregation" can only occur at the Administrative Law Judge ("ALJ") level.  The appeal of M-15-1442 actually involves two separate underlying ALJ decisions (ALJ Decision Nos. 1-2911738005 and 1-2838936764).  *After the ALJs ruled in those cases*, the MAC "aggregated" them into a single appeal that issued as M-15-1442.  *See* AR at 3.

5

Dated at Burlington, Vermont this 12th day of March, 2018.

**JONATHAN A. BLOOM**

By: */s/ Debra M. Parrish*
Debra M. Parrish, Esq. (*pro hac vice*)
Bridget M. Noonan, Esq. (*pro hac vice*)
PARRISH LAW OFFICES
788 Washington Road
Pittsburgh, PA  15228
debbie@dparrishlaw.com
bridget@dparrishlaw.com

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## CERTIFICATE OF SERVICE

I, Craig S. Nolan, counsel for Jonathan A. Bloom, do hereby certify that on March 12, 2018, I electronically filed with the Clerk of Court the following document:

**REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT**

using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

>Melissa A.D. Ronaldo, Esq.
>Assistant United States Attorney
>P.O. Box 570
>Burlington, VT 05401
>(802) 951-6725
>Melissa.Ronaldo@usdoj.gov

Dated at Burlington, Vermont this 12th day of March, 2018.

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com