UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

| | |
|---|---|
| JONATHAN A. BLOOM,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ALEX M. AZAR II,  )<br>Secretary, U.S. Department  )<br>of Health and Human Services,  )<br>    Defendant.  ) | Civil No. 5:16-cv-121 |

## RESPONSE TO PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY

Defendant Alex M. Azar, II, Secretary of the United States Department of Health and Human Services ("the Secretary") respectfully submits the following response to Plaintiff's Notice of Subsequent Authority.

Plaintiff claims the recent decision of the District of Massachusetts in *Lewis v. Azar*, Case No. 15-cv-13530 (Apr. 5, 2018) (D. Mass.), is "relevant to at least [Plaintiff's] pending motion for fees . . . and forms yet another in the 'string of losses' the Secretary has suffered on this issue." ECF Document ("Doc.") No. 60 at 1. However, Plaintiff's characterization of this decision as relevant to whether the Secretary's position was "substantially justified" for purposes of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(D), is without merit.

As an initial matter, the relevance of the decision in *Lewis* is questionable given that the opinion was entered some two months *after* this Court's decision in the instant case on January 29, 2018. Indeed, it is unclear how or why the Secretary's position in this case would be rendered not substantially justified by a decision from another jurisdiction that was decided at a later time.[1]

---

[1] The Secretary was also initially successful on a motion to dismiss in *Lewis*, prior to the plaintiff's filing of a motion to alter or amend the judgment.

1

Furthermore, as explained in the Secretary's EAJA opposition brief, the non-binding decision of another district court does not render the Secretary's position not substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 568 (1988) ("[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). While "a string of losses can be indicative" of a position that is not substantially justified, that is not the situation here. *Id.* At the time of the Court's decision in this case, *only one* other final adverse district court decision had been rendered on the merits.

In light of the foregoing, Plaintiff's contention that the recent decision in *Lewis v. Azar* is relevant to whether the Secretary's position in this case was substantially justified is misplaced.

Respectfully Submitted,

CHRISTINA E. NOLAN
United States Attorney

By:   /s/ *Melissa A. D. Ranaldo*
MELISSA A.D. RANALDO
Assistant United States Attorney
P.O. Box 570
Burlington, VT  05402-0570
802-951-6725
melissa.ranaldo@usdoj.gov

Of Counsel:

ROBERT P. CHARROW
General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JILL L. STEINBERG
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA  02203
(617) 565-2381