UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JONATHAN A. BLOOM,

            Plaintiff,

v.                                          Civil No. 5:16-cv-121

ALEX AZAR,
Secretary of the U.S. Department of Health
and Social Services,

            Defendant.

## DR. BLOOM'S NOTICE OF SUBSEQUENT AUTHORITY

Dr. Bloom respectfully files this notice of subsequent authority to bring to the Court's attention decisions issued by the Medicare Appeals Council ("MAC") on May 11 and 18, 2018 denying CGM coverage on the grounds that a CGM is "precautionary."  Likewise, on May 22, 2018, the QIC denied CGM coverage for Dr. Bloom on the same grounds.

In particular, on May 11, 2018, in M-17-8596 (*In re: N.S.*), the MAC denied continuous glucose monitor ("CGM") coverage on the grounds that a CGM is "precautionary."  *See* Exhibit A.  The MAC did so with knowledge of the decision in *Whitcomb v. Hargan*, Case No. 17-cv-14 (October 26, 2017) (Jones, J), where the court found that position arbitrary and capricious.  The MAC simply states that it disagrees and based, on a claim to *Chevron* deference, advances the same position rejected by this Court and the *Whitcomb* and *Lewis* courts.

On May 18, 2018, in M-18-1749 (*In re: J.B.*), the MAC refused to re-open a previous denial of CGM coverage *for Dr. Bloom*.  *See* Exhibit B.  There, again with knowledge of the *Whitcomb* decision, the MAC denied CGM coverage on the grounds that a CGM is "precautionary."

On May 22, 2018, the QIC also denied Dr. Bloom's request for CGM coverage on the grounds that is it "precautionary."  *See* Exhibit C.

The Bloom rejections, *again*, contradict the Secretary's representation to this Court that the Secretary is not continuing to reject Dr. Bloom's claims for CGM coverage on the grounds that a CGM is "precautionary."  *See* Dkt No. 58 at 10, n. 8.[1]  Further, as noted in Dr. Bloom's previous papers, one purpose of awarding EAJA fees is to deter the government from litigating unreasonable positions based on unreasonable denials.  *See* Dkt. No. 53 at 4; Dkt. # 59 at 6-7.  All three of the decisions cited above further illustrate that the Secretary is not deterred by the negative decisions of three district courts, numerous ALJs, and the Secretary's own Civil Remedies Division and an EAJA award is necessary to deter the Secretary.

---

[1] Since the offer noted in Dkt No. 58 at 10, n. 8, counsel for the Secretary (Ms. Steinberg) has worked with Dr. Bloom's counsel to address these denials by the Secretary and arrange payment of the underlying claims although she has not remedied the underlying problem to prevent these improper denials and vacate them, not simply to work around them..  That effort is appreciated.  Nevertheless, one purpose of an EAJA award is to deter the Secretary from issuing improper denials that compel litigation and intervention by counsel in the first place.  Thus, it is no answer to say that if a beneficiary is represented by counsel prepared to intervene and a case is pending before a district court, the Secretary will employ an extra-administrative process to address improper denials.  Apparently, only an EAJA award has any prospect of deterring the Secretary's improper denials in the first place.

2

Dated at Burlington, Vermont this 29th day of May, 2018.

**JONATHAN A. BLOOM**

By: _/s/ Debra M. Parrish_
Debra M. Parrish, Esq. (*pro hac vice*)
Bridget M. Noonan, Esq. (*pro hac vice*)
PARRISH LAW OFFICES
788 Washington Road
Pittsburgh, PA  15228
debbie@dparrishlaw.com
bridget@dparrishlaw.com

By: _/s/ Craig S. Nolan_
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## CERTIFICATE OF CONFERENCE

The signator above hereby certifies that counsel for Dr. Bloom (Mr. Pistorino) conferred in good faith with counsel for the Secretary (Ms. Renaldo) in an effort agree or narrow the issues and agreement was not reached.

By: _/s/ Debra M. Parrish_
Debra M. Parrish, Esq. (*pro hac vice*)
PARRISH LAW OFFICES
788 Washington Road
Pittsburgh, PA  15228
debbie@dparrishlaw.com

## CERTIFICATE OF SERVICE

I, Craig S. Nolan, counsel for Jonathan A. Bloom, do hereby certify that on May 29, 2018, I electronically filed with the Clerk of Court the following document:

## DR. BLOOM'S NOTICE OF SUBSEQUENT AUTHORITY

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

> Melissa A.D. Ronaldo, Esq.
> Assistant United States Attorney
> P.O. Box 570
> Burlington, VT 05401
> (802) 951-6725
> Melissa.Ronaldo@usdoj.gov

Dated at Burlington, Vermont this 29th day of May, 2018.

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

4