UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JONATHAN A. BLOOM,         )<br>    Plaintiff,         )<br>         )<br>v.         )<br>         )<br>ALEX M. AZAR II,         )<br>Secretary, U.S. Department         )<br>of Health and Human Services,         )<br>    Defendant.         ) | Civil No. 5:16-cv-121 |

## RESPONSE TO PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY

Defendant Alex M. Azar, II, Secretary of the United States Department of Health and Human Services ("the Secretary") respectfully submits the following response to Plaintiff's Notice of Subsequent Authority filed on May 29, 2018 (ECF Doc. No. 63). Plaintiff claims that two recent unfavorable decisions by the Medicare Appeals Council ("MAC"), dated May 11, 2018 and May 18, 2018, and one by the qualified independent contractor ("QIC"), dated May 22, 2018, "contradict the Secretary's representation to this Court that the Secretary is not continuing to reject [Plaintiff's] claims for CGM coverage on the grounds that a CGM is 'precautionary'" and, therefore, constitute subsequent authority for purposes of Plaintiff's request for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(D). For the reasons detailed briefly below, Plaintiff's characterization of these decisions as relevant to whether the Secretary's position in this case was "substantially justified" is without merit. None of the three administrative decisions filed with Plaintiff's Notice constitute "subsequent authority."

With regard to the MAC decisions, the Secretary first notes that the decision dated May 11, 2018 involved a different beneficiary ("N.S.") and a different continuous glucose monitor ("CGM") system (Dexcom G4) than the beneficiary and device covered by the Court's January 29, 2018 decision in this case. Given that each beneficiary "bears the burden of proving [his or

her] entitlement to Medicare coverage," *Keefe on Behalf of Keefe v. Shalala*, 71 F.3d 1060, 1062 (2d Cir. 1995) (citing *Friedman v. Sec'y of the Dep't of Health and Human Servs.*, 819 F.2d 42, 45 (2d Cir. 1987)), the use of this decision as subsequent authority for purposes of Plaintiff's claim that the Secretary's position in his appeal was not substantially justified is inappropriate. *See also Whitcomb v. Burwell*, No. 13-CV-990, 2015 WL 5254518, at *3 (E.D. Wisc. Sept. 9, 2015) (noting, for instance, that "other non-precedential decisions of . . . ALJs . . . [do not] suggest that the Secretary's position . . . was not substantially justified").

Moreover, as with the claims at issue in Plaintiff's May 18, 2018 MAC and May 22, 2018 QIC decisions, the claims at issue in beneficiary N.S.' appeal were for CGM supplies provided in advance of the Court's decision in this case.[1]  As explained in the Secretary's substantive brief, the administrative appeals process for Medicare claims is comprised of multiple parts, which include secondary review by the Medicare contractor, an on-the-record review by a QIC, review by an Administrative Law Judge, and review by the MAC. *See* 42 C.F.R. Part 405, Subpart I.  Consequently, it is not surprising that Plaintiff might have claims pending at different levels of the administrative appeals process at the time of the Court's decision in this case; similarly, it not surprising that these claims, pending in different administrative forums, might be decided and/or in the process of being decided without full knowledge of the Court's decision.[2]

That said, the Secretary has taken steps since the Court's decision to identify and process Plaintiff's claims that are covered by the decision.  First, the Secretary, acting through the Centers for Medicare & Medicaid Services, has provided instructions to the Medicare contractor

---

[1] The May 18, 2018 MAC decision was actually a reconsideration of a decision first issued on October 11, 2017, which involved a claim for disposable sensors furnished to Plaintiff on August 18, 2016.  The claims at issue in the QIC decision were dated between December 20, 2017 and January 23, 2018.

[2] It is unclear whether Plaintiff presented a copy of this Court's decision in any of his pending administrative appeals.  Furthermore, the appeal period does not expire in this case until July 14, 2018.

for Plaintiff's jurisdiction concerning the Court's decision in this case.  Second, with regard to claims still pending at the administrative level, the Secretary has agreed to provide coverage for the claims at issue in the May 18, 2018 MAC and May 22, 2018 QIC decisions.  Additionally, the Secretary has also previously agreed to provide coverage for Plaintiff's additional claims covered by the Court's decision that were in the administrative appeals process prior to the January 29, 2018 decision.  Indeed, the Secretary had requested from Plaintiff's counsel a list of all pending claims for coverage at the administrative level, and was still in the process of reviewing those claims at the time the May 18, 2018 and May 22, 2018 decisions were issued.

In the event that Plaintiff inadvertently receives an adverse administrative determination covered by this Court's January 2018 decision, the Secretary trusts that the Plaintiff will bring such action to the Secretary's attention and the Secretary will immediately take steps to rectify the error.  The Secretary has demonstrated that it will resolve such issues quickly and effectively.

For these reasons, the Secretary respectfully disagrees with Plaintiff's assertion that the submitted decisions represent subsequent authority that undermines whether the Secretary's position was substantially justified in this case.

Dated at Burlington, in the District of Vermont, this 6th day of June, 2018.

    Respectfully Submitted,

    CHRISTINA E. NOLAN
    United States Attorney

By:   /s/ *Melissa A. D. Ranaldo*
    MELISSA A.D. RANALDO
    Assistant United States Attorney
    P.O. Box 570
    Burlington, VT  05402-0570
    802-951-6725
    melissa.ranaldo@usdoj.gov

Of Counsel:

ROBERT P. CHARROW
General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JILL L. STEINBERG
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA  02203
(617) 565-2381