UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JONATHAN A. BLOOM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil No. 5:16-cv-121 |
| | ) | |
| ALEX M. AZAR II, | ) | |
| Secretary, U.S. Department | ) | |
| of Health and Human Services, | ) | |
|     Defendant. | ) | |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY**

Defendant Alex M. Azar, II, Secretary of the United States Department of Health and Human Services ("the Secretary") respectfully submits the following response to Plaintiff's most recently-filed Notice of Subsequent Authority (EFC Document ["Doc."] No. 66).

**1.  The Secretary's Position in This Litigation Was Substantially Justified.**

Plaintiff claims that the June 15, 2018 decision of the Eastern District of Wisconsin in *Whitcomb v. Hargan*, Case No. 17-cv-14 (E.D. Wisc.) ("*Whitcomb II*"), in which the district court awarded $70,000 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to the plaintiff is instructive, because "[t]he EAJA issues in the *Whitcomb* case are identical to the issues in [Plaintiff's] pending Motion for Fees and Costs."  ECF Doc. No. 66, at 1.

While similarities certainly exist between *Whitcomb II* and the instant case, the Secretary disagrees with the *Whitcomb II* Court's decision regarding fees under EAJA.  The Secretary continues to contend that his position in the *Bloom* litigation had a reasonable basis in law and fact, and thus, was substantially justified.  Along with the reasons stated in the Secretary's opposition brief (ECF Doc. No. 58), the Secretary notes that whether his position with regard to coverage of certain continuous glucose monitoring ("CGM") systems is substantially justified is

not settled law. One court's award of EAJA fees does not require such an award in the *Bloom* case. Notably, in both *Whitcomb I*, No. 13-CV-990, 2015 WL 5254518, at *3 (E.D. Wisc. Sept. 9, 2015), and in *Finigan v. Burwell*, C.A. No. 15-12246 (D. Mass. Sept. 15, 2016), the courts denied plaintiffs' counsel's EAJA requests, finding that the Secretary was substantially justified in advancing his position that the plaintiffs' Medtronic CGM systems did not satisfy the Medicare coverage criteria for durable medical equipment ("DME"). At the time of this Court's merits decision, only one other district court decision had been rendered on the merits—and that decision arrived after the parties' had already filed their substantive briefings in this case.

Additionally, the Secretary's procedural posture in this case was ultimately consistent with the Court's decision. Recognizing issues with the underlying Medicare Appeals Council ("MAC") decision—specifically, the MAC's apparent reliance on a Policy Article stating Plaintiff's CGM was "precautionary" and therefore not covered as DME—the Secretary initially sought a remand pursuant to sentence six of 42 U.S.C. § 405(g). *See* ECF Doc. No. 9, at 2 (arguing that "[a]lthough the MAC did not expressly state that it was affording substantial deference to Policy Article A33614 in this instance, it appears the MAC may have done so"); ECF Doc. No. 50 ("Decision"), at 19 ("The court concludes . . . that the MAC did err in relying on LCD L11530 and policy article A33614."). Given the Court's conclusion that the MAC committed an error in relying on the Policy Article, there should be no dispute that the Secretary was substantially justified in requesting a sentence six remand; and accordingly, the claimed fees attributable to that issue (approximately $14,003.34 for the Parrish Law Offices and approximately $5,880 for local counsel) should be denied. *See* ECF Doc. No. 59-1, at 5, 7-8.

Additionally, the Secretary disagrees with the *Whitcomb II* Court's determination that a "special factor" enhancement should be applicable to the attorneys from the Parrish Law Offices.

While the Secretary does not dispute the application of a cost of living adjustment ("COLA") to an award of EAJA fees in this matter (which would increase the statutorily-prescribed hourly rate to $201.31), the Secretary disagrees with a special factor enhancement for Attorney Parrish, Attorney Pistorino, Attorney Noonan, and local counsel, given that it does not appear they "possess[] '*distinctive* knowledge or *specialized* skill *needful* for the litigation in question.'" *Healey v. Leavitt*, 485 F.3d 63, 70 (2d Cir. 2007) (citing *Pierce*, 487 U.S. at 572) (emphasis in original).  As the Second Circuit has specifically emphasized of Medicare law,

> While one cannot deny the complexity of the Medicare statute and the regulations promulgated thereunder, this regulatory scheme is no more complex than countless other federal regulatory schemes, and attaining proficiency in these areas is "not beyond the grasp of a competent practicing attorney with access to a law library and other accoutrements of modern legal practice."

*Id.* (citations omitted).  Consequently, an application of the requested fee enhancements (many of which exceed even the COLA hourly rate by more than half[1]) in a case that involved issues of Federal statutory and regulatory interpretation would be contrary to EAJA, as well as to the law of this Circuit.[2]  Although Attorney Parrish does possess a scientific background, the present case did not require that an attorney have any specific scientific expertise.  This appeal centered on statutory and regulatory interpretation, rather than any scientific matter; Attorney Parrish's scientific background was not necessary to her providing effective counsel on behalf of Plaintiff.

---

[1] The enhanced fee rates requested for local counsel Craig Nolan are $350.00, $335.00, and $325.00.  An amount of $225.00 is requested for local counsel Justin A. Brown.  The enhanced fee rates requested for Attorney Parrish are $525.00, $500.00, and $490.00; for Attorney Pistorino, $495.00; and for Attorney Noonan, $325.00 and $295.00.  As described in the Secretary's opposition brief, Attorney Pistorino should not be entitled to a fee enhancement, given that his only addition to the case was "20 years' experience litigating matters in federal court." ECF Doc. 53, at 11.  An enhancement is not justified for simply "an extraordinary level of the general lawyerly knowledge and ability useful in all litigation."  *Pierce*, 487 U.S. at 572.  *See also Johnson v. College of Univ. of Ala. in* Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) (explaining that it is the plaintiff's burden to demonstrate "the distinct contribution of each lawyer to the case . . .").  For similar reasons, it does not appear that the contributions of Attorney Noonan or local counsel were of the type that would justify a fee enhancement in this matter.

[2] Assuming the reasonableness of all costs requested by Plaintiff (which is disputed), a fee award that does not apply a special factor adjustment for Plaintiff's counsel would be reduced from approximately $118,000 to $49,119.64 for the Parrish Law Offices, and from approximately $12,000 to $8,273.84 for local counsel.

**2.    Plaintiff's Request for Certain Fees and Costs under EAJA Is Unreasonable.**

While believing his position was substantially justified, the Secretary recognizes some risk of an adverse EAJA decision.  Consequently, the parties requested a stay of the Court's decision on the EAJA to continue ongoing discussions about the relevant issues.  Those discussions have now been concluded and the stay should be lifted.  The Court should rule on the pending EAJA request and should rule that the Secretary's litigating position was substantially justified.  Should the Court reach the same conclusion as the *Whitcomb* Court on the issue of substantial justification, the Secretary believes that a careful examination of the fees is necessary since the request here – $130,000.00 – is almost double the $70,000.00 awarded by the Court in *Whitcomb*.  This amount is unreasonable and not justified by the billing statements.  Although the *Whitcomb* Court granted that plaintiff's entire fee request, this Court should not blindly accept Bloom's claim.

Both 28 U.S.C. §§ 2412(b) and (d) require an award of attorney's fees to be reasonable. 28 U.S.C. §§ 2412(b), (d)(2)(A).  *Pierce*, 487 U.S. at 573 (the EAJA "is not designed to reimburse reasonable fees without limit."); *Scott v. Astrue*, 474 F. Supp.2d 465, 466 (W.D.N.Y. 2007) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)) ("the fee applicant has the burden to establish the reasonableness of both [the hours expended and the rates charged].")  *See also Anderson v. Sebelius*, No. 5:09-cv-16, 2011 WL 1832771, at *3 (D. Vt. May 12, 2011) ("the district court also should exclude from this initial fee calculation hours that were not reasonably expended. . . . Hours that are not properly billed to one's client are also not properly billed to one's adversary[.]").  A court may also reduce a fee award where the plaintiff has failed to prevail on a particular claim, even where there is some common background with the claim(s) on which the plaintiff was successful.  *Healey*, 485 F.3d at 72.  *See also Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d

4

Cir. 1999) (noting that even a lodestar amount should "exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims").

Here, Plaintiff's $130,000.00 request for fees—including the enhanced rates attributed to counsel, is unreasonable for the reasons described in the preceding section. Additionally, Plaintiff's most recent bill of costs, filed with his Reply to the Secretary's Opposition (ECF Doc. No. 59-1) is beset with fees related to matters the Secretary was successful in litigating, as well as fees that are unrelated to the Medicare claims Plaintiff sought to challenge in this Court. Looking to the fees requested by the Parrish Law Offices, for instance, approximately $21,402.02 is attributed to Plaintiff's Motion to Alter or Amend Judgment. *See* ECF Doc. No. 59-1, at 2. Whether Medicare claims may be aggregated for the first time in federal court to meet the requisite amount-in-controversy was the sole issue addressed in Plaintiff's Motion to Alter or Amend. This Court ruled in favor of the Secretary's position that aggregation cannot occur in federal court, both in its merits decision and in its decision on Plaintiff's Motion to Alter or Amend Judgment. Given that Plaintiff was twice unsuccessful in litigating the aggregation issue (which resulted in the Court's dismissal of Plaintiff's challenge to the MAC decisions in M-15-1505 and M-16-10554), the Secretary should not be ordered to pay any fee award associated with it. *See, e.g., Anderson*, 2011 WL 1832771, at *5 (reducing the plaintiff's EAJA award "across the board," and noting that the "reduction also reflects Plaintiff's lack of success on . . . claims identified by the Secretary").

Plaintiff also seeks other costs related to the MAC's decision in M-16-10554, which again, this Court dismissed because the claims at issue did not meet the requisite amount-in-controversy. Specifically, the Parrish Law Office's bill includes costs for appealing the unfavorable ALJ decision to the MAC, *see, e.g.,* ECF Doc. No. 59-1, at 5 (listing $1,666.67 for "MAC appeal of Goga unfavorable decision," as well as another $1,000 for "MAC appeal"), and costs for filing an

5

Amended Complaint with this Court to include the M-16-10554 decision. *See, e.g., id.* at 4 (listing $1,312.50 for "amending complaint"). In addition, Plaintiff has included the costs of administrative litigation before an ALJ Chin in the bill of costs. *See, e.g., id.* at 4 (listing $250.00 for "responded to the Notice of Hearing for our ref. no. 16-01 . . . telephone conference Judge Chin's team re FF OTR; emails to JB and local counsel re same"), 5 (listing $250.00 for "telephone conference re beneficiary helpline and status of Chinn case; emails re same; vm Judge Chinn's team requesting copy of decision"). However, an administrative appeal before an ALJ Chin was not part of <u>any</u> MAC decision Plaintiff sought to challenge in this case.[3] Accordingly, fees associated with the MAC's decision in M-16-10544, which was not properly before this Court, and with proceedings before an ALJ Chin, whose administrative proceedings were never at issue in this case, are likewise unreasonable, and should be removed from any EAJA award.

As a final matter, the Secretary questions the reasonableness of Plaintiff's request for $130,000 in fees given the similarity between this case and other CGM cases (as mentioned in Plaintiff's notices of subsequent authority) that have recently been litigated by the Parrish Law Offices. For instance, a review of the pleadings in this matter and the pleadings in both *Whitcomb* matters demonstrates that Plaintiff's counsel drew heavily on its prior filings and experience in litigating this case, yet requests $60,000 beyond what was requested and awarded in *Whitcomb*. *See, e.g., Whitcomb v. Burwell*, Docket No. 2:13-C-00990, ECF Doc. 30 (May 6, 2014) (containing largely identical language as the Complaints filed in the instant case); *Whitcomb v. Hargan,* Docket No. 2:17-cv-00014 (Jan. 4, 2018) (also containing largely identical language to the Complaints filed in this case). *See also Carol Lewis v. Azar*, C.A. No. 1:15-cv-13530 (D. Mass.). Given the

---

[3] The ALJ decisions that formed the basis of the three MAC decisions Plaintiff sought to challenge were ALJ Pere J. Jarboe and ALJ Charles W. Dorman (M-15-4332), ALJ Bennett Engelman (M-15-1505), and ALJ Steven Goga (M-16-10554).

6

experience of Attorney Parrish and her firm in litigating the issue of CGM coverage against the Secretary and the recycling of pleadings and memoranda, the amount of time the firm spent on many aspects of this case arguably should have been reduced; in particular, the time spent drafting the Complaints (approximately 17.5 hours for the initial Complaint, *see* ECF No. Doc No. 59-1, at 6), and briefing the issue of fees under EAJA (approximately 36.7 hours for the fee petition and reply briefing, *see id.* at 2) appears to be excessive in light of counsel's familiarity with CGM coverage litigation.

In sum, the Secretary disputes the validity of Plaintiff's request for over $130,000.00 in fees under EAJA—an amount which, if awarded, would be paid by the Centers for Medicare & Medicaid Services; the Secretary maintains that his position throughout this litigation has been substantially justified and the *Whitcomb* decision does not require a ruling to the contrary. However, in the event this Court grants Plaintiff's request for fees under EAJA, the *Whitcomb* decision does not require this Court to blindly grant the entire EAJA claim. Rather, the Court should carefully scrutinize the requested amount, evaluate the reasonableness of the request, and reduce the award for the reasons discussed above.

Dated at Burlington, in the District of Vermont, this 23rd day of August, 2018.

                                                                   Respectfully Submitted,

                                                                   CHRISTINA E. NOLAN
                                                                   United States Attorney

By:    /s/ *Melissa A. D. Ranaldo*
                                                                   MELISSA A.D. RANALDO
                                                                   Assistant United States Attorney
                                                                   P.O. Box 570
                                                                   Burlington, VT  05402-0570
                                                                   802-951-6725
                                                                   Melissa.Ranaldo@usdoj.gov

Of Counsel:

ROBERT P. CHARROW
General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JILL L. STEINBERG
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA  02203
(617) 565-2381