UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JONATHAN A. BLOOM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 5:16-cv-121 |
| | ) | |
| ALEX M. AZAR II, | ) | |
| Secretary, U.S. Department | ) | |
| of Health and Human Services, | ) | |
| Defendant. | ) | |

### SECRETARY'S REVISED
### RESPONSE TO PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY

Defendant Alex M. Azar, II, Secretary of the United States Department of Health and Human Services ("the Secretary") respectfully submits the following REVISED response to Plaintiff's most recently-filed Notice of Subsequent Authority (ECF Document ["Doc."] No. 66).[1]

### 1.   The Secretary's Position in This Litigation Was Substantially Justified.

Plaintiff claims that the June 15, 2018 decision of the Eastern District of Wisconsin in *Whitcomb v. Hargan*, Case No. 17-cv-14 (E.D. Wisc.) ("*Whitcomb II*"), in which the district court awarded $70,000 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to the plaintiff is instructive, because "[t]he EAJA issues in the *Whitcomb* case are identical to the issues in [Plaintiff's] pending Motion for Fees and Costs."  ECF Doc. No. 66, at 1.

While similarities certainly exist between *Whitcomb II* and the instant case, important differences make the *Whitcomb II* Court's decision less instructive regarding fees under EAJA than Bloom suggests.  The Secretary continues to contend that his position in the *Bloom* litigation had a reasonable basis in law and fact, and thus, was substantially justified.  Along with the reasons

---

[1] Plaintiff advised the Secretary that it believed the Secretary's original response was inappropriate and requested the Secretary to file a revised response or else Plaintiff would move to strike and seek additional fees and costs.  In an effort to avoid further unnecessary litigation and resolve this dispute amicably, the Secretary has withdrawn its earlier response (ECF Doc. 77) and replaces that filing with this REVISED response.

stated in the Secretary's opposition brief (ECF Doc. No. 58), the Secretary notes that whether his position with regard to coverage of certain continuous glucose monitoring ("CGM") systems is substantially justified is not settled law.  One court's award of EAJA fees does not require such an award in the *Bloom* case.  Notably, in both *Whitcomb v. Burwell*, ("*Whitcomb I*"), No. 13-CV-990, 2015 WL 5254518, at *3 (E.D. Wisc. Sept. 9, 2015), and in *Finigan v. Burwell*, C.A. No. 15-12246 (D. Mass. Sept. 15, 2016), the courts denied plaintiffs' counsel's EAJA requests, finding that the Secretary was substantially justified in advancing his position that the plaintiffs' Medtronic CGM systems did not satisfy the Medicare coverage criteria for durable medical equipment ("DME"). At the time of this Court's merits decision, only one other district court decision had been rendered on the merits—and that decision arrived after the parties' had already filed their substantive briefings in this case.  Thus, the decision to award EAJA fees in *Whitcomb II* does not require this Court to award EAJA fees to Bloom.

Additionally, the instant case is different from *Whitcomb II* because the Secretary's procedural posture in this case was ultimately consistent with the Court's decision.  Recognizing issues with the underlying Medicare Appeals Council ("MAC") decision—specifically, the MAC's apparent reliance on a Policy Article stating Plaintiff's CGM was "precautionary" and therefore not covered as DME—the Secretary initially sought a remand pursuant to sentence six of 42 U.S.C. § 405(g).  *See* ECF Doc. No. 9, at 2 (arguing that "[a]lthough the MAC did not expressly state that it was affording substantial deference to Policy Article A33614 in this instance, it appears the MAC may have done so"); ECF Doc. No. 50 ("Decision"), at 19 ("The court concludes . . . that the MAC did err in relying on LCD L11530 and policy article A33614.").  Given the Court's conclusion that the MAC committed an error in relying on the Policy Article, there should be no dispute that the Secretary was substantially justified in requesting a sentence six remand; and accordingly, the claimed fees attributable to that issue (approximately $14,003.34 for

the Parrish Law Offices and approximately $5,880 for local counsel) should be denied.  *See* ECF Doc. No. 59-1, at 5, 7-8.  In this regard, the Bloom litigation is more similar to *Whitcomb I*, where the Court remanded the case for further proceedings and declined to award EAJA fees.

Additionally, the Secretary disagrees with the *Whitcomb II* Court's determination that a "special factor" enhancement should be applicable to the attorneys from the Parrish Law Offices. While the Secretary does not dispute the application of a cost of living adjustment ("COLA") to an award of EAJA fees in this matter (which would increase the statutorily-prescribed hourly rate to $201.31), the Secretary disagrees with a special factor enhancement for Attorney Parrish, Attorney Pistorino, Attorney Noonan, and local counsel, given that it does not appear they "possess[] '*distinctive* knowledge or *specialized* skill *needful* for the litigation in question.'" *Healey v. Leavitt*, 485 F.3d 63, 70 (2d Cir. 2007) (citing *Pierce*, 487 U.S. at 572) (emphasis in original).  As the Second Circuit has specifically emphasized of Medicare law,

> While one cannot deny the complexity of the Medicare statute and the regulations promulgated thereunder, this regulatory scheme is no more complex than countless other federal regulatory schemes, and attaining proficiency in these areas is "not beyond the grasp of a competent practicing attorney with access to a law library and other accoutrements of modern legal practice."

*Id.* (citations omitted).  Consequently, an application of the requested fee enhancements (many of which exceed even the COLA hourly rate by more than half) in a case that involved issues of Federal statutory and regulatory interpretation would be contrary to EAJA, as well as to the law of this Circuit.[2]

## 2.   **Plaintiff's Request for Certain Fees and Costs under EAJA Is Unreasonable.**

While believing his position was substantially justified, the Secretary recognizes some risk of an adverse EAJA decision.  Consequently, the parties requested a stay of the Court's decision

---

[2] Assuming the reasonableness of all costs requested by Plaintiff (which is disputed), a fee award that does not apply a special factor adjustment for Plaintiff's counsel would be reduced from approximately $118,000 to $49,119.64 for the Parrish Law Offices, and from approximately $12,000 to $8,273.84 for local counsel.

on the EAJA to continue ongoing discussions about the relevant issues. Those discussions have now been concluded and the stay should be lifted. The Court should rule on the pending EAJA request and should rule that the Secretary's litigating position was substantially justified. However, should the Court reach the same conclusion as the *Whitcomb II* Court on the issue of substantial justification, a careful examination of the fees is necessary since the request here – $130,000.00 – is almost double the $70,000.00 awarded by the Court in *Whitcomb II*. This amount is unreasonable and not justified by the billing statements. Although the *Whitcomb II* Court granted that plaintiff's entire fee request, this Court is not required to blindly accept Bloom's claim.

In the Secretary's Opposition (ECF Doc. 58 at 11-15), the Government argued that Bloom's request for fees and costs was excessive, encouraged this Court to examine closely the billing statements and provided a few examples of the unreasonable fees sought.[3] The *Whitcomb II* Court does not appear to have undertaken a line-by-line analysis of the attorneys' billing statements. In this regard, the Court need not follow the decision of the *Whitcomb II* Court, but instead, must undertake a detailed analysis of the attorneys' billing statements to ensure Bloom's counsel does not receive payment of fees for work on which Bloom was not a prevailing party. Such an analysis by the Court is required here because Bloom appears to seek compensation related to issues on which he did not prevail.[4]

---

[3] Both 28 U.S.C. §§ 2412(b) and (d) require an award of attorney's fees to be reasonable. 28 U.S.C. §§ 2412(b), (d)(2)(A). *Pierce*, 487 U.S. at 573 (the EAJA "is not designed to reimburse reasonable fees without limit."); *Scott v. Astrue*, 474 F. Supp.2d 465, 466 (W.D.N.Y. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("the fee applicant has the burden to establish the reasonableness of both [the hours expended and the rates charged].") *See also Anderson v. Sebelius*, No. 5:09-cv-16, 2011 WL 1832771, at *3 (D. Vt. May 12, 2011) ("the district court also should exclude from this initial fee calculation hours that were not reasonably expended. . . . Hours that are not properly billed to one's client are also not properly billed to one's adversary[.]").

[4] A court may also reduce a fee award where the plaintiff has failed to prevail on a particular claim, even where there is some common background with the claim(s) on which the plaintiff was successful. *Healey*, 485 F.3d at 72. *See also Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (noting that even a lodestar amount should "exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims").

Plaintiff's $130,000.00 request for fees—including the enhanced rates attributed to counsel—is unreasonable for the reasons discussed above.  Additionally, Plaintiff's most recent bill of costs (ECF Doc. No. 59-1) is beset with fees related to matters the Secretary was successful in litigating, as well as fees that are unrelated to the Medicare claims Plaintiff sought to challenge in this Court.  Some examples were identified in the Secretary's Opposition (ECF Doc. 58 at 13-15).  Additional, specific examples are generally described in Exhibit A.

Should the Court find that the Secretary's litigating position was not substantially justified, the Secretary requests the further opportunity to provide the Court with a detailed, line-by-line, analysis of Bloom's counsels' billing statements, identifying and explaining why some of the costs and fees requested should be denied.  Unlike the *Whitcomb II* Court, this Court must parse Bloom's attorneys' billing statements and deduct amounts unrelated to this litigation and amounts related to issues on which Bloom was not a prevailing party.

In sum, because of the differences between the *Whitcomb II* and the Bloom litigation stated above, this Court need not adopt the *Whitcomb II* Court's conclusion on substantial justification and is not required to award any EAJA fees.  The Secretary maintains that his position throughout this litigation has been substantially justified and the *Whitcomb II* decision does not require a ruling to the contrary.  However, should this Court conclude otherwise, the Secretary disputes the validity of Plaintiff's request for over $130,000.00 in fees under EAJA—an amount which, if awarded, would be paid by the Centers for Medicare & Medicaid Services.  In the event that this Court grants Plaintiff's request for fees under EAJA, the *Whitcomb II* EAJA decision does not require this Court to blindly grant the entire EAJA claim.  Rather, the Court should carefully scrutinize the requested amount, evaluate the reasonableness of the request, and reduce the award as

discussed above, in the Secretary's prior Opposition and in Exhibit A attached hereto.

Dated at Burlington, in the District of Vermont, this 31st day of August, 2018.

Respectfully Submitted,

CHRISTINA E. NOLAN
United States Attorney

By:   /s/ *Melissa A. D. Ranaldo*

MELISSA A.D. RANALDO
Assistant United States Attorney
P.O. Box 570
Burlington, VT  05402-0570
802-951-6725
Melissa.Ranaldo@usdoj.gov


Of Counsel:

ROBERT P. CHARROW
General Counsel

JAN B. BROWN
Acting Chief Counsel, Region I

JILL L. STEINBERG
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA  02203
(617) 565-2381