UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

_____

JONATHAN A. BLOOM,

                Plaintiff,

    v.                                                                   Civil No. 5:16-cv-121

ALEX AZAR,
Secretary of the U.S. Department of Health
and Human Services,

                Defendant.

_____

## DR. BLOOM'S REPLY RE: NOTICE OF SUBSEQUENT AUTHORITY

The Secretary's six-page response (plus exhibit) to Dr. Bloom's one paragraph Notice of Subsequent Authority is both misguided and improper. Misguided because, in attempting to distinguish the *Whitcomb v. Hargan*, Case No. 17-cv-14 (E.D. Wisc.) ("*Whitcomb II*") decision, the Secretary misapprehends the holding of prior cases. Improper because the Secretary is attempting to use the subsequent authority response to present new arguments about the fees themselves. On March 1, 2018, Dr. Bloom filed his EAJA fees motion and included all of the billing detail. Almost exactly six months later, the Secretary raises new arguments that could have been included in its Opposition filed on March 15, 2018. Raising these now is improper.

    **I.**    **Reply Re:** *Whitcomb II*

With regard to the *Whitcomb II* decision, Dr. Bloom freely admits that this Court is not bound by the decision in *Whitcomb II* or "required" to follow it. Resp. at 2. Indeed, this Court should come to its own conclusion. That said, the decision in *Whitcomb II* is instructive. Another federal judge considered the same issues as those before this Court and found that the

Secretary's position was not substantially justified, that fees were appropriate, and that a "special factor" was present so the fees were calculated using ordinary billing rates.

On page 2, the Secretary contends that the courts in *Whitcomb v. Burwell*, ("*Whitcomb I*") 2015 WL 5254518 (Sept. 9, 2015) (E.D. Wisc.) (Duffin, J.) and *Finigan v. Burwell*, C.A. No. 15-12246 (D. Mass. Sept. 15, 2016) found "that the Secretary was substantially justified in advancing his position that the plaintiff's Medtronic CGM systems did not satisfy the Medicare coverage criteria for durable medical equipment ('DME')." With respect to *Whitcomb I*, that is simply not correct. With respect to *Finigan*, it is unknown but doubtful.

In *Whitcomb I*, the Secretary treated a Local Coverage Article ("LCA") as a Local Coverage Determination ("LCD"). Based on the Article's description of a continuous glucose monitor ("CGM") as "precautionary," the Secretary denied CGM coverage on the grounds that a CGM was not primarily and customarily used for a medical purpose. On review, the district court determined that reliance on the Article/treatment of the Article as an LCD was erroneous and remanded the matter to the Secretary to consider coverage under the proper legal standard. *Whitcomb v. Burwell*, 2015 WL 3397697 (May 26, 2015) (E.D. Wisc.) (Duffin, J.) at *3-4. On Ms. Whitcomb's motion for fees under EAJA, the court held that: "it was not unreasonable to argue the clear language in a related Article ought to be used to fill in the gap and assist in the coverage determination." *Whitcomb I* at *2. Thus, rather than "finding" that the Secretary's position with respect to "precautionary" was substantially justified, the *Whitcomb I* court merely held that reliance on the Article, though erroneous, was substantially justified *at that time*. Further proceedings in the *Whitcomb* matter resulted in the *Whitcomb II* decision finding that the Secretary was not substantially justified, etc.

The Secretary's effort to attribute particular findings to the EAJA denial in *Finigan* is curious.  Like *Whitcomb I*, the *Finigan* court found that the Secretary's reliance on/deference to the Article was erroneous and remanded the matter for further proceedings.  *See Finigan*.  The court there did *not* decide whether a CGM is DME and rejected the Secretary's request to make that determination.  *Id.* at 16-17.  It only decided that reliance on/deference to the Article was erroneous.  Thereafter, an EAJA motion was filed, opposed, and denied with the Court stating: "Motion denied for the reasons set forth in the government's brief."  Importantly, none of the EAJA briefing is publicly available so Dr. Bloom cannot see what arguments were made by either side or the basis for the Court's decision.  Thus, secret briefs formed the basis for a secret decision.  Whether the Secretary's description of these secret documents is accurate is unknown to Dr. Bloom, but is called into doubt by the public decision in *Finigan*.

## II.   The Secretary's Other Arguments

While Dr. Bloom does not begrudge the Secretary's efforts to address the *Whitcomb II* decision, nearly all of the Secretary's response consists of an effort to present additional/new arguments regarding fees generally.  All of these arguments are based on materials available to the Secretary prior to March 15, 2018, when the Secretary filed its Opposition and the Secretary has not shown why he did not raise these arguments sooner. [1]  Thus, these arguments are untimely and improper and would lead to yet another round of briefing.  "A request for attorney's fees should not result in a second major litigation." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  Dr. Bloom disputes all the Secretary's contentions in this regard.

---

[1] Dr. Bloom notes that the Secretary made this same argument in resisting Dr. Bloom's motion to alter/amend with regard to certain provisions of the Medicare Managed Care Manual.  See Dkt. # 56 at 4-5, e.g.  If that principle is applicable to Dr. Bloom, it is likewise applicable to the Secretary.

Nevertheless, it might be helpful to review the standards for awarding EAJA fees so that the Court is not misled by the Secretary's misguided effort to pick narrow issues he believes he was successful on and deduct them from fees.  First, the Court should view the litigation (including the pre-litigation activity before the department) as an "inclusive whole" and determine whether the Secretary has proven that his position was substantially justified.  *See, e.g., Commissioner, I.N.S.*, 496 U.S. at 161-2.  If the Court finds that the Secretary has not met that burden, then the Court should start assessing fees by determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate (either a COLA rate or ordinary billing rates if a "special factor" is present).  The Court should then consider the "results obtained" and adjust the fee award either up or down.  Indeed, in exceptional circumstances, an "enhanced award may be justified." *Hensley* v. *Eckerhart*, 461 U.S. 434-6. The prevailing party's failure to prevail on every contention or the court's rejection of certain grounds is not a sufficient reason for reducing a fee.  "The result is what matters."  *Id.*  Guided by these principles, the Court should use its discretion in making a fee award.

Thus, the Secretary's efforts to pick individual issues it believes it was justified on (*e.g.*, sentence six remand, Resp. at 2-3) or where Plaintiff was not fully successful (*e.g.*, alter/amend briefing, Resp. - Exhibit A) is totally misguided.

Dated at Burlington, Vermont this 6th day of September, 2018.

**JONATHAN A. BLOOM**

By: */s/ Debra M. Parrish*
Debra M. Parrish, Esq. (*pro hac vice*)
Bridget M. Noonan, Esq. (*pro hac vice*)
PARRISH LAW OFFICES
788 Washington Road
Pittsburgh, PA  15228
debbie@dparrishlaw.com
bridget@dparrishlaw.com

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## CERTIFICATE OF SERVICE

I, Craig S. Nolan, counsel for Jonathan A. Bloom, do hereby certify that on September 6, 2018, I electronically filed with the Clerk of Court the following document:

**DR. BLOOM'S REPLY RE: NOTICE OF SUBSEQUENT AUTHORITY**

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

> Melissa A.D. Ranaldo, Esq.
> Assistant United States Attorney
> P.O. Box 570
> Burlington, VT 05401
> (802) 951-6725
> Melissa.Ranaldo@usdoj.gov

Dated at Burlington, Vermont this 6th day of September, 2018.

By:     */s/ Craig S. Nolan*
        Craig S. Nolan, Esq.
        SHEEHEY FURLONG & BEHM P.C.
        30 Main Street, 6th Floor
        P.O. Box 66
        Burlington, VT  05402-0066
        (802) 864-9891
        cnolan@sheeheyvt.com

6