UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JONATHAN A. BLOOM,

           Plaintiff,

v.                                                      Civil No. 5:16-cv-121

ALEX AZAR,
Secretary of the U.S. Department of Health
and Social Services,

           Defendant.

## DR. BLOOM'S UNOPPOSED MOTION TO ADJUST BRIEFING SCHEDULE

Dr. Jonathan A. Bloom respectfully moves the Court to adjust the briefing schedule previously adopted regarding attorney's fees.[1] In particular, Dr. Bloom requests that further briefing be stayed until 10 days after the United States Court of Appeals for the Second Circuit rules on Dr. Bloom's motion for fees there either granting it, denying it, or referring the matter to this Court. Dr. Bloom proposes that 10 days after the Second Circuit rules, an opening brief on fees will be due from Dr. Bloom, followed by an opposition and reply in accordance with the normal rules. Dr. Bloom believes that this approach will be most efficient for the Court and parties.

## BACKGROUND

On January 29, 2018, this Court granted, in part, Dr. Bloom's motion for summary judgment that a continuous glucose monitor (CGM) was covered "durable medical equipment", rejected the Secretary's position that a CGM was not "primarily and customarily used to serve a

---

[1] Counsel for Dr. Bloom and the Secretary have conferred on this matter and the Secretary has stated his non-opposition.

medical purpose" and reversed the Secretary's denial of Medicare coverage for one of three claims related to Dr. Bloom's CGM.  *See* Dkt. #50.  Simultaneously, the Court dismissed two of Dr. Bloom's CGM claims based on lack of jurisdiction for not meeting the amount in controversy, if considered individually, and held that Dr. Bloom could not "aggregate" his claims at the district court to meet the amount in controversy.  Dr. Bloom moved to alter or amend the judgment (*see* Dkt. #52) believing that the partial dismissal was erroneous and this Court denied that motion on May 15, 2018.  *See* Dkt. #62.  Thereafter, on August 13, 2018, Dr. Bloom filed an appeal at the Second Circuit.  *See* Dkt. #75.

In parallel with those proceedings, Dr. Bloom moved for his attorney's fees under the Equal Access to Justice Act (EAJA) on March 1, 2018.  *See* Dkt. #53.  Thereafter, on January 16, 2019, this Court granted, in part, Dr. Bloom's motion.  *See* Dkt. #80.  In particular, the Court found, *inter alia*, that: 1) Dr. Bloom was eligible for an EAJA award; 2) Dr. Bloom was the "prevailing party"; 3) no special circumstances existed that would make an EAJA award unjust; 4) the Secretary's position was not "substantially justified"; 5) Dr. Bloom was entitled to an EAJA award; 6) a cost of living adjustment (COLA) was appropriate; and 7) a partial "special factor" rate enhancement was appropriate.[2]  Nevertheless, the Court did not decide the actual amount of fees.

The Court noted that "degree of success" was a factor in determining the amount of fees to be awarded and that Dr. Bloom had not been completely successful because two of his claims had been dismissed on lack of jurisdiction grounds.  Further, the Secretary sought additional briefing on fees to challenge individual charges (*e.g.*, the hours expended on Dr. Bloom's motion

---

[2] At the time of this Court's decision, two other district courts had rejected the Secretary's position that a CGM is not "primarily and customarily used to serve a medical purpose" and subsequently awarded fees.  *See Whitcomb v. Hargan*, Case No. 17-cv-14 (E.D. Wisc. June 12, 2018) and *Lewis v. Azar*, 308 F.Supp.3d 574 (D. Mass. 2018). While this matter has been pending, yet another court has rejected the Secretary's position and the fees issue is under consideration.  *See Zieroth v. Azar*, 2020 WL 5642614 (N.D. Cal. Sept. 22, 2020).

to alter or amend) and also sought, *e.g.*, a reduction of half the charges associated with Dr. Bloom's reply in support of his motion for summary judgment.  *See* Dkt. #78.  In light of these factors, this Court ordered an additional round of briefing, with the Secretary required to file an additional brief on fees and Dr. Bloom given an opportunity to reply.  *See* Dkt. #80 at 18.

In light the pending appeal, the parties thereafter jointly moved the Court to stay further briefing until the Second Circuit ruled and the degree of success was known.  This Court granted that motion on February 4, 2019.  *See* Dkt. #85.

Briefing at the Second Circuit was completed, oral argument held in October 2019, and the Second Circuit issued its decision on September 23, 2020.  The Second Circuit concluded that this Court had jurisdiction over all three claims because, in determining the amount in controversy, all the claims of a single plaintiff are aggregated.  Thus, the position urged by Dr. Bloom was adopted and the decision dismissing two of Dr. Bloom's claims was reversed.

The time for filing a petition for rehearing, rehearing *en banc*, or for a *writ certiorari* by the Supreme Court having passed, the mandate from the Second Circuit issued on November 16, 2020.  Pursuant to controlling authority from the Second Circuit, Dr. Bloom either has submitted or will be submitting an EAJA petition with the Second Circuit.  Dr. Bloom understands the practice of that Court is to refer the matter to the district court that is more familiar with the underlying litigation.

Pursuant to this Court's Order of February 4, 2019, additional briefing by the Secretary is due on December 18, 2020, and reply papers from Dr. Bloom due thereafter.

## DISCUSSION

Dr. Bloom believes that the briefing schedule should be altered.

The circumstances are materially different than they were at the time the briefing schedule was adopted and the stay issued. At that time, the Court considered that Dr. Bloom had only "partial or limited success" and was considering a fee reduction for "degree of success." Likewise, the Secretary sought fee reductions on various items Dr. Bloom was not successful on initially - but whose position was affirmed by the Second Circuit. Thus, the premise of the prior briefing as well as the anticipated briefing is no longer operative because Dr. Bloom is now fully victorious on all issues.

In addition, assuming that the fees related to the appeal are referred to this Court, then those fees will need to be addressed and the invoices for them submitted for consideration. Further, if there is additional briefing in this Court, the fees associated with that are also compensable under EAJA. Finally, *inter alia*, pursuant to *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) and in light of Dr. Bloom's "exceptional success", Dr. Bloom intends to seek an enhanced fee award.

For all of these reasons, Dr. Bloom requests that further briefing on EAJA fees be stayed until 10 days after the Second Circuit rules on Dr. Bloom's motion for fees. That will allow this Court and the parties to know the full range of issues before the Court. Thereafter, Dr. Bloom will file an opening brief on EAJA fees addressing all issues and providing all evidence. The Secretary can then file an opposition in accordance with the normal rules knowing all the issues and evidence relied upon. Dr. Bloom can then file a reply. This approach will allow the Court and parties to consider the issues in an efficient and orderly manner.

## CONCLUSION

For the reasons set forth above, the briefing schedule should be altered and further fees briefing stayed until 10 days after the Second Circuit rules on Dr. Bloom's EAJA motion.

Date: November 23, 2020

                              Respectfully submitted,

                              By:    */s/ Debra M. Parrish*
                                      Debra M. Parrish, Esq. (*pro hac vice*)
                                      Bridget M. Noonan, Esq. (*pro hac vice*)
                                      PARRISH LAW OFFICES
                                      788 Washington Road
                                      Pittsburgh, PA  15228
                                      debbie@dparrishlaw.com
                                      bridget@dparrishlaw.com

                              By:    */s/ Alexandrea L. Nelson*
                                      Alexandrea L Nelson, Esq.
                                      SHEEHEY FURLONG & BEHM P.C.
                                      30 Main Street, 6th Floor
                                      P.O. Box 66
                                      Burlington, VT  05402-0066
                                      (802) 864-9891
                                      anelson@sheeheyvt.com